### THE COMMERCE.

(District Court, S. D. New York. June 1, 1903.)

1. COLLISION—TOW AND ANCHORED BARGE—FAILURE TO SOUND FOG SIGNALS AND TO KEEP LOOKOUT.

Evidence *held* to establish that at the time of a collision between the tow of a steam lighter and an anchored barge there was fog, and the barge was therefore in fault for not sounding fog signals, and that the lighter was also in fault for having no lookout.

In Admiralty. Suit for collision.

Benedict & Benedict, for libellant.

Avery F. Cushman, for claimant.

ADAMS, District Judge. This is an action brought by the owner of the barge Frolic against the steamlighter Commerce for damages caused to the Frolic by a collision with the barge Atlas, in tow of the Commerce, on a hawser about 50 fathoms long, in the early morning of the 24th day of September, 1901, while the Frolic was lying at anchor in New York Bay, off Greenville, New Jersey. The Commerce, with tow, was bound from Perth Amboy to New York.

The controversy turns principally upon whether or not, it was foggy at the time of the collision. Admittedly the Frolic had her proper lights set, but was not ringing a bell, as she should have been doing if fog prevailed. There is no dispute as to the necessity of fog signals during the night up to 12 o'clock midnight.

The master of the barge said it cleared off at 12 o'clock and he went to bed in the cabin, which was above the deck. There was no other person on board, excepting the captain's wife, who was also in the cabin and she corroborates her husband's statements. I do not attach much importance to their testimony. The keeper of the Robbin's Reef Light was called by the libellant. He said there was no fog but his recollection was largely dependent upon the fact that the record kept by him did not show that he blew the siren.

I consider that the libellant's testimony is overcome by the positive statements of several witnesses for the claimant that fog prevailed at the time of the collision, and by the probabilities of the situation. As the fog was not continuous, the value of the outside testimony produced by the claimant, depends largely upon the hour

of the collision, which is in dispute, the libellant claiming that it occurred at 3.45 o'clock A. M. and the claimant that it happened at 4.30 o'clock A. M. Without regard to such testimony, I conclude that the claimant has established its contention with respect to fog and that the barge was in fault for the failure to give the proper signals.

The Commerce did not have a lookout. It was her plain duty to have one forward and she must be held in fault for the omission.

Decree for the libellant for half damages, with an order of reference.